IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER GIULIANO, individually and on behalf of a nationwide class of similarly situated individuals, | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 19-cv-05435<br>) |
| v. | ) Judge: Elaine E. Bucklo<br>) |
| MIDLAND CREDIT MANAGEMENT, INC., | ) Magistrate Judge: Maria Valdez<br>)<br>) |
| Defendant. | ) |

**MOTION TO STAY DEADLINES PENDING A RULING ON MOTION TO REASSIGN**

Defendant Midland Credit Management, Inc., ("MCM") by and through its attorneys David M. Schultz and Jennifer W. Weller and for its Motion to Stay pending a ruling on the Motion to Reassign Related Cases states as follows:

1. This case is one of eleven lawsuits[1] that are subject to a Motion to Reassign as Related Cases before Judge Ellis in *Preston v. Midland Case Management, Inc*., Case No. 18-cv-1532, ("Preston I"), Dkt #35,36. Of those cases, five of them were filed by Plaintiff Jennifer Giuliano or her husband, Claudio Giuliano. *See J.Giuliano I; C.Giuliano I; C.Giuliano II; C.Giuliano III; J.Giuliano II*.

2. Judge Guzman recently sua sponte stayed C. *Giuliano III* stating:

> The Court sua sponte stays proceedings in this case pending Judge Ellis's rulings on the motion to reassign cases as related and motion for referral for settlement

---

[1] The cases at issue in the Motion to Reassign are: *Preston v. Midland Credit Management, Inc*., Case No. 1:18-cv-2017 (J.Dow)("Preston II"), *Preston v. Midland Credit Management, Inc*., Case No. 1:18-cv-5234 (J.Dow)("Preston III"), *Giuliano v. Midland Credit Management, Inc*., Case No. 19-cv-5435 (J.Bucklo)("J.Giuliano I"), *Giuliano v. Midland Credit Management, Inc*., Case No. 19-cv-5436 (J.Lee)("C.Giuliano I"), *Giuliano v. Midland Credit Management, Inc*., Case No. 19-cv-5437 (J.Norgle)("C.Giuliano II"), *Giuliano v. Midland Credit Management, Inc.*, Case No. 20-cv-878 (J.Guzman)("C.Giuliano III"); *Giuliano v. Midland Credit Management, Inc*., Case No. 20-cv-1354 (J.Tharp)("J.Giuliano II"), *Castle v. Midland Credit Management, Inc*., Case No. 19-cv-5855 (J.Alonso), *Ruyyashi v. Midland Credit Management, Inc*., Case No. 19-cv-6210 (J.Gettleman), *Reynolds v. Midland Credit Management, Inc*., Case No. 19-cv-7188 (J.Ellis), *Nash v. Midland Credit Management, Inc*., Case No. 19-cv-8077 (J.Dow).

conference in Preston v. Midland Credit Management, Inc., 18 CV 1532. When such rulings are issued, the parties are directed to so notify this Court by filing a written status report. Dkt #20.

MCM requests that a similar order be entered in this matter staying all pending deadlines until a ruling is issued by Judge Ellis in *Preston I*.

3. MCM filed its Motion to Reassign Related Cases before Judge Ellis on March 3, 2020. *Preston I,* Dkt #35. During the scheduled status hearing in *Preston I* the following day, the court instructed MCM to advise opposing counsel of those cases at issue in the Motion to Reassign, in which MCM intended to move to compel arbitration. On March 16, 2020, MCM's counsel advised opposing counsel that MCM intended to move to compel arbitration in this case as well as *Preston II, Preston III, C.Giuliano I, C.Giuliano II, C.Giuliano III, J.Giuliano II, Nash* and *Reynolds*. MCM had already filed a Motion to Compel Arbitration in *Ruyyashi*.

4. MCM filed its Motion to Compel Arbitration in this matter on May 21, 2020. Dkt #26. No briefing schedule has yet been entered on the motion.

5. On May 13, 2020, Plaintiff filed a Motion to Certify Class and a Motion for Rule to Show Cause.[2] Dkt #23. Plaintiff filed a Memorandum in support of the motion on the following day. Dkt #24. On May 19, 2020 this court entered a minute order setting a briefing schedule on the motion ordering Defendant to respond by 6/12/2020 and Plaintiff to reply by 7/3/2020. Dkt #25.

6. Plaintiff's counsel filed a similar Motion for Rule to Show Cause before Judge Dow in *Nash* requesting that Judge Dow enter an order:

(a) precluding MCM from purchasing the subject debt from Midland Funding, LLC and (b) precluding MCM from moving to compel arbitration where it

---

[2] In the Motion for Rule to Show Cause Plaintiff asks that the court prevent Midland Funding LLC from assigning Plaintiff's debt to its affiliate, MCM. Plaintiff's motion is moot, however, because as was its contractual right, Midland assigned the debt to MCM on April 30, 2020.

>acquired any subject debts by way of an AAA [Assignment and Assumption Agreement]. In addition to the present case, Plaintiff asks that this relief apply to the following cases pending in the Northern District of Illinois: Claudio Guiliano v. Midland Credit Mgmt., Inc. 20-cv-00878 (Guzman); Jennifer Guiliano v. Midland Credit Mgmt., Inc. 19-cv-05435 (Bucklo; Claudio Guiliano v. Midland Credit Mgmt., Inc. 19-cv-05436 (Tharp); and Claudio Guiliano v. Midland Credit Mgmt., Inc. 19-cv-05437 (Norgle).

*Nash*, Dkt #22.

7. On May 14, 2020 Judge Dow issued an order asking plaintiff for supplemental briefing as follows:

>In view of the unusual request in Plaintiff's motion, and prior to ordering briefing on the motion, the Court directs Plaintiff to file as soon as practicable a supplemental submission advising (1) whether he intends to file a motion in Case No. 19-cv-5435 to reassign the five cases to pursue a ruling that would apply across all five cases; (2) whether he intends to seek leave to file a supplemental brief in Case No. 18-cv-1532 noting that apparently common issue across five of the cases subject to the pending motion to reassign in that case; and (3) whether he is aware of any other authority by which this Court can grant relief in a case on its docket that applies in cases assigned to other judges—or even in other cases assigned to this Court that have not been consolidated with the case in which the decision is rendered. Once the Court reviews that status report, it will be in better position to determine how best to handle the instant motion. *Nash*, Dkt #25.

8. Recognizing the related nature of at least some of these matters, Plaintiff filed his response on May 14, 2020 answering each question in the affirmative. *Nash*, Dkt #26.

9. Motions to compel arbitration have now been filed in *Preston II, Preston III, J.Giuliano I, C. Giuliano I, C. Giuliano II, C. Giuliano III, Nash, Reynolds* and *Ruyyashi*. In the event Judge Ellis grants the Motion to Reassign in *Preston I*, these motions could collectively be decided by Judge Ellis. The next lowest numbered case is *Preston II*, pending before Judge Dow.

10. Meanwhile Plaintiff's Motion to Certify seeks certification of only *one* of *five* classes plead in her Complaint:

>All persons with mailing addresses in the State Illinois who were mailed a collection letter similar to the Collection Letter that was sent to Plaintiff where the original creditor was listed as Synchrony Bank, where the envelopes contained the words "TIME SENSITIVE DOCUMENT" and where the letters were received within one year of the filing of this lawsuit, and until the aforementioned conduct ceases. Compl., ¶132.

11. The parties should not start briefing class certification until the responsive pleadings have been addressed including the Motion to Reassign and Motion to Compel Arbitration. That Plaintiff seeks to address class certification before the responsive pleadings are addressed is unprecedented and bizarre. Plaintiff's piecemeal attempt to push through certification of only one class out of five is all the more unusual given that she has elected to stand on a Complaint alleging claims disposed of by the Seventh Circuit in *Preston I*. *See Preston v. Midland Credit Mgmt*, 948 F.3d 772, 786 (7th Cir. 2020). MCM has urged Plaintiff in this case as well as plaintiffs in the other related cases to eliminate those claims that are no longer viable under *Preston*. None of the pleadings have been amended and these are issues that should be addressed prior to class certification.

12. Accordingly class certification should not be briefed until after reassignment and responsive pleadings have been addressed. Moreover, there has been no activity in some of the cases subject to the motion to reassign and it does not make sense to brief piecemeal certification of one class in this matter.

WHEREFORE Defendant Midland Credit Management, Inc. respectfully requests that this Court stay pending deadlines until Judge Ellis issues a ruling on the Motion to Reassign as Related in *Preston I*.

| | |
|---|---|
| David M. Schultz<br>Jennifer W. Weller<br>HINSHAW & CULBERTSON LLP<br>151 North Franklin Street, Suite 2500<br>Chicago, IL 60606<br>Tel:  312-704-3000<br>Fax:  312-704-3001<br>Email: dschultz@hinshawlaw.com<br>         jweller@hinshawlaw.com | Respectfully submitted,<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br>Defendant<br><br>/s/ *Jennifer W. Weller*<br>Jennifer W. Weller |

## **CERTIFICATE OF SERVICE**

    I hereby certify that on **May 29, 2020**, I electronically filed with the Clerk of the U.S. District Court, Northern District of Illinois, Eastern Division, the foregoing **Motion to Stay Deadlines** by using the CM/ECF system, which will send notification of such filing(s) to all counsel of record.

                                              /s/ *Jennifer W. Weller*